Executor of WIILLIAM NASON v. PHELPS SMITH, appellant.

*(Practice.)*

Where an appeal is taken from the decision of the probate court, granting license to an executor to sell land of his intestate, for the payment of debts, and while the appeal is pending, the executor dies;—Held, that the administrator of such executor could not enter and prosecute the appeal.

THIS was an appeal from the probate court.

The decree appealed from was one granting leave to the executor to sell real estate, for the purpose of paying the debts of the testator. After the decree, in the probate court, the executor died. The administrator of the executor now offered to enter his name in the case and proceed to the hearing.

The court held that the administrator of the executor had no such interest in the proceeding as would justify his prosecuting the application. It can only be prosecuted by an administrator, *de bonis non,* when one shall be appointed. Whether, in that case, it would be necessary to take proceedings, *de novo,* it is not necessary now to consider. The administrator of an executor would seem to have no further interest in the settlement of this estate than to close the account of the executor in the probate court. This might, in some sense, involve a similar inquiry to that upon which the present application would turn, or might not. As they are distinct matters, the decision of the one will not affect the other.